UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                                                          :   **MEMORANDUM**
v.                                                                       :   **OPINION AND ORDER**
                                                                          :
TYRECK DOUGLAS,                              :   17 CR 505-9 (VB)
                                           Defendant.  :
--------------------------------------------------------------x

By letter dated June 22, 2020, defendant Tyreck Douglas requests that the Court "lift" his federal detainer so that he can participate in pre-release programs in the New York State prison system as of October 2020. (Doc. #422). Douglas claims that Fishkill Correctional Facility ("Fishkill")—where he is currently incarcerated—"is clearly the epicenter of the COVID-19 pandemic." (Id.). Liberally construed, Douglas's pro se submission suggests the federal detainer should be vacated because inmates have a heightened risk of contracting the virus in a prison facility, and amounts to a request that his federal term of imprisonment be reduced.

For the following reasons, the motion is DENIED.

On March 25, 2019, Douglas pleaded guilty to one count of participation in a racketeering conspiracy and one count of possession of a firearm in furtherance of a crime of violence. Specifically, Douglas admitted he was a member of a violent street gang in Poughkeepsie, New York, that engaged in drug trafficking and robberies of other drug dealers, and that, in furtherance of the gang's activities, he fired a 9-millimeter semi-automatic handgun at rival gang members on April 4 and 9, 2014.

On August 8, 2019, despite an applicable Sentencing Guidelines range of 228–270 months' imprisonment, the Court imposed a sentence of ninety-two months' imprisonment to run concurrently to the remainder of an undischarged state term of imprisonment Douglas was (and still is) serving at Fishkill pursuant to a ten-year sentence imposed in Dutchess County Court on

1

August 21, 2014 (the "undischarged state sentence").  At sentencing, the Court determined that the undischarged state sentence resulted from another offense that was relevant conduct to the instant federal offenses.  Accordingly, in imposing the sentence in this case, the Court took into consideration the sixty-four months Douglas had already served on the undischarged state sentence.  Thus, in accordance with Section 5G1.3(b) of the Sentencing Guidelines, the Court adjusted the federal sentence downward, to a total of ninety-two months' imprisonment, from what otherwise would have been a 156-month sentence.

After careful consideration of all the 18 U.S.C. § 3553(a) factors, the Court determined that the sentence imposed was sufficient but not greater than necessary to reflect the serious nature of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and avoid an unwarranted sentencing disparity from sentences imposed on other defendants in this case.  To date, Douglas has served approximately eleven months of his federal sentence, or about twelve percent of the sentence imposed.

In his one-page letter, Douglas provides no compelling reason for a reduction of his federal sentence.  Although Douglas claims he would be "eligible for pre-release programs in October 2020" if the federal detainer is lifted, he fails to appreciate that, in fact, he is <u>not</u> eligible for early release from state custody specifically <u>because of</u> his federal conviction and sentence.  In other words, once Douglas completes his undischarged state sentence, he will be transferred to the custody of the Federal Bureau of Prisons ("BOP") to complete the remainder of his federal sentence.

Moreover, as discussed above, at sentencing, the Court adjusted Douglas's sentence downward by sixty-four months to account for time Douglas had already served on his

undischarged state sentence. And the sentence the Court would otherwise have imposed—156 months—alone would have been well below the advisory Guidelines range. Here, Douglas cites no legitimate reason to modify or further reduce his federal sentence below that which was imposed.

As an additional matter, Douglas's letter references the global COVID-19 public health crisis, seemingly to justify a reduction of his sentence. But to the extent Douglas's submission seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), such request plainly is without merit.

First, Douglas is currently serving the remainder of his undischarged state sentence at Fishkill, a state facility. Although he has served approximately eleven months of his federal sentence, he is not currently in federal custody. Even if he was, he still has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief sought—namely, early termination of a lawfully imposed prison sentence. Indeed, absent from Douglas's submission is any indication that he personally has an increased likelihood of contracting, or developing serious complications from, COVID-19.

Second, in light of the factors set forth in Section 3553(a), which Section 3582(c)(1)(A) requires the Court to consider "to the extent . . . applicable," a sentence reduction is not warranted. The exceptionally serious nature of Douglas's offenses warranted a lengthy sentence at the time it was imposed; those same factors counsel strongly against cutting that sentence by nearly ninety percent. Moreover, the sentence was designed to promote respect for the law and provide just punishment. To so dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law. And shortening Douglas's sentence would also undermine two other

critical sentencing objectives in this case: the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Douglas's early release.[1]

Accordingly, defendant Tyreck Douglas's motion to lift his federal detainer and reduce his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

> Tyreck Douglas
> 14-A-3914
> Fishkill Correctional Facility
> P.O. Box 1245
> Beacon, NY  12508-0370

Dated: July 6, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] To the extent Douglas seeks an eighty-five percent reduction of his federal sentence, from ninety-two months to fourteen months—so that his federal sentence would end in October 2020, when he allegedly would be eligible for state pre-release programming— the Court's decision is the same for the reasons set forth herein.